NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0018n.06

No. 20-3233

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| OKSANA VASILYEVNA IVANUSHCHAK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| JEFFREY A. ROSEN, Acting Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

**FILED**
Jan 11, 2021
DEBORAH S. HUNT, Clerk

BEFORE: COOK, GRIFFIN, and LARSEN, Circuit Judges.

PER CURIAM. Oksana Vasilyevna Ivanushchak petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying her motion to reopen her removal proceedings. As set forth below, we **DENY** Ivanushchak's petition for review.

I.

Ivanushchak, a native and citizen of Ukraine, entered the United States without inspection, purportedly in September 2003. In September 2004, Ivanushchak filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) based on her membership in the Organization of Ukrainian Nationalists, a political party supporting Ukrainian independence. The Department of Homeland Security subsequently served Ivanushchak with a notice to appear in removal proceedings, charging her with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Ivanushchak appeared before an immigration judge (IJ) and conceded removability as charged.

After a merits hearing, the IJ denied Ivanushchak's application and ordered her removal to Ukraine. The IJ found that Ivanushchak was not a credible witness and that she had failed to establish timely filing of her asylum application. The IJ went on to find that Ivanushchak had failed to demonstrate her eligibility for asylum, withholding of removal, or CAT protection. Ivanushchak appealed the IJ's decision. The BIA affirmed the IJ's findings and dismissed Ivanushchak's appeal. Ivanushchak then filed a petition for review of the BIA's order, which this court denied. *Ivanushchak v. Holder*, No. 11-4389 (6th Cir. Jan. 9, 2013) (order).

Five years later, Ivanushchak filed a motion to reopen her removal proceedings based on the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). The BIA denied Ivanushchak's motion to reopen. And Ivanushchak did not seek this court's review.

Approximately four months later, Ivanushchak filed a second motion to reopen her removal proceedings, this time based on changed country conditions in Ukraine. According to Ivanushchak, the conditions for parishioners of the Ukrainian Orthodox Church under Moscow Patriarchy (UOC-MP) have significantly worsened since her hearing because the government is working to eradicate the practice of the religion by pressuring members to join the Orthodox Church of Ukraine (OCU). Ivanushchak sought reopening to apply for asylum, withholding of removal, and CAT protection, asserting that, as a parishioner of the UOC-MP, she would not be able to practice her religion freely and would face harm upon returning to Ukraine. The BIA denied Ivanushchak's motion to reopen because she had "not offered reasonably specific information showing a real threat of persecution." This timely petition for review followed.

II.

We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion. *Trujillo Diaz v. Sessions*, 880 F.3d 244, 248 (6th Cir. 2018). We "will find an abuse of discretion if the denial of the motion to reopen 'was made without a rational explanation,

inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Bi Feng Liu v. Holder*, 560 F.3d 485, 490 (6th Cir. 2009) (quoting *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005)).

The ninety-day deadline for filing a motion to reopen removal proceedings does not apply if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). "The motion to reopen 'based on changed country conditions [evidence] cannot rely on speculative conclusions or mere assertions of fear of possible persecution, but instead must offer reasonably specific information showing a real threat of individual persecution.'" *Gafurova v. Whitaker*, 911 F.3d 321, 326 (6th Cir. 2018) (alteration in original) (quoting *Harchenko v. INS*, 379 F.3d 405, 410 (6th Cir. 2004)). "So, evidence of persecution in the applicant's country of removal, without some connection to the applicant herself, will not suffice." *Trujillo Diaz*, 880 F.3d at 250.

The BIA denied Ivanushchak's motion to reopen her removal proceedings because she had failed to present "reasonably specific information showing a real threat of persecution." In support of her motion to reopen based on changed country conditions, Ivanushchak submitted a new application for asylum, withholding of removal, and CAT protection; the International Religious Freedom Reports for Ukraine for 2007 and 2018; and "proof of church involvement"—her son's baptismal certificate from the Russian Orthodox Church Outside Russia and a church notice about the parish feast day. As the BIA pointed out, this "proof of church involvement" fails to demonstrate that Ivanushchak has a past or present affiliation with the UOC-MP. Ivanushchak's initial application listed her religion as "Orthodox Christian." In her new application, Ivanushchak asserted that her religion is "UOC MP," that she is "a current member of the UOC-MP church,"

and that she attends church weekly with her family and helps with volunteer events and festivals at her church. Ivanushchak did not provide an affidavit or other statement explaining her purported relationship with the UOC-MP or the connection between her current church in the United States and the UOC-MP in Ukraine.

In support of her petition for review, Ivanushchak makes the conclusory assertion that she demonstrated her involvement in the UOC-MP church, citing her son's baptismal certificate and the church flyer. But these documents neither refer to the UOC-MP nor suggest any connection with the UOC-MP. Ivanushchak also cites the 2007 and 2018 International Religious Freedom Reports for Ukraine showing worsening conditions for members of the UOC-MP in Ukraine. Given that Ivanushchak did not substantiate her claimed affiliation with the UOC-MP, "she did not show that the changed conditions would result in a risk of persecution *against her*." *Zhang v. Mukasey*, 543 F.3d 851, 855 (6th Cir. 2008).

### III.

Ivanushchak has failed to demonstrate that the BIA abused its discretion in denying her motion to reopen her removal proceedings. Accordingly, we **DENY** Ivanushchak's petition for review.